UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.                                            Case No. 8:19-cv-2531-T-60JSS

HORUS MUSIC VIDEO
DISTRIBUTION, et al.,

    Defendants.
_____/

## **ORDER DISMISSING CASE**

This matter is before the Court on *sua sponte* review of *pro se* Plaintiff Ronald Satish Emrit's complaint under 28 U.S.C. § 1915(e).  After reviewing the complaint, court file, and record, the Court finds as follows:

Since at least 2013, Emrit has been a serial filer of frivolous actions in federal courts throughout the United States.  *See, e.g., Emrit v. Fed. Bureau of Investigation*, 2020 WL 731171 *1 n.1 (S.D. Cal. Feb. 13, 2020) (discussing Emrit's litigation history); *Emrit v. Universal Music Group*, 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov 4, 2019), *report and recommendation adopted*, No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) (same); *Emrit v. Nat'l Acad. of Recording Arts and Scis*, No. A-14-CA-392-SS, 2015 WL 518774, at *4

(W.D. Tex. Feb. 5, 2015) (same).[1]  In fact, "over two hundred civil cases and appeals in the federal court system have been filed under [Emrit's] name, and he has been barred from filing suits without leave of court in [several] federal district courts." *Emrit v. Fed. Bureau of Investigation*, No. 6:20-cv-191-Orl-41LRH, 2020 WL 1451623, at *1 (M.D. Fla. Mar. 25, 2020) (internal quotation omitted).  On April 20, 2020, this Court entered an order declaring him a vexatious litigant.  *Emrit v. DeVos*, No. 8:20-cv-773-T-60TGW (M.D. Fla. Apr. 20, 2020).

Now, Emrit attempts to bring suit in this Court against Defendants Horus Music Video Distribution, Tidal, PayPal, and Chase Bank.[2]  However, he has also filed *identical actions* in at least six other district courts throughout the United States.[3]  Construing his pleadings liberally, Emrit

> alleges he communicated to an employee of Defendant Horus Music Video Distribution that one of its recording artists "contributed copyright infringement on … [Emrit's] song 'Dilemma[.]'"  [Emrit] alleges Defendant Horus Music Video Distribution then removed four of [his] music videos from Defendant TIDAL's website.  [Emrit] alleges he had previously paid Defendant Horus Music Video Distribution "to have four music videos distributed to Jay-Z's website TIDAL.  Based on these alleged facts, [Emrit] filed suit against Defendants for (1) breach of contract, (2) tortious interference with contract, and (3) tortious interference with business relations.

---

[1] The Texas district court documented cases filed by Emrit since March 2013, along with the results of those actions – each of the *forty-seven cases* referenced in the chart was dismissed.  Since then, Emrit has only continued to clog the federal district courts and appellate courts with meritless and frivolous litigation.  A PACER search as of the date of this Order reflects that, including the instant case, Emrit has three cases pending in the Middle District of Florida, *and sixteen cases pending in thirteen other jurisdictions across the United States.*
[2] Chase Bank was voluntarily dismissed from this action.  *See* (Docs. 7, 14).
[3] *See Emrit v. Horus Media Ltd.*, 5:20-cv-2 (D. Alaska); *Emrit v. Horus Music Video Distribution*, 3:20-cv-60 (S.D. Cal.); *Emrit v. Horus Music Video Distribution*, 1:20-cv-7 (D. Haw.); *Emrit v. Horus Music Video Distribution*, 6:20-cv-23 (D. Or.); *Emrit v. Horus Music Video Distribution*, 4:19-cv-333 (S.D. Iowa); *Emrit v. Horus Music Video Distribution*, 4:19-cv-40144 (D. Mass.).

*Emrit v. Horus Music Video Distribution*, No. 3:20-cv-60, 2020 WL 553839, at *1 (S.D. Cal.). Reviewing identical pleadings, the Southern District of California concluded that "[a]side from general facts and conclusory allegations … the basis for [Emrit's] claim is unclear" and dismissed the case under § 1915(e)(2)(B). *Id.*

Upon its own independent review, this Court comes to the same conclusion. Emrit's complaint is "conclusory and patently frivolous" where he fails to draw any connection between his legal claims and the factual allegations of his complaint. *See Emrit v. DeVos*, No. 1:20-CV-35 JAR, 2020 WL 833595, at *2 (E.D. Mo. Feb. 20, 2020); *Universal Music Group*, 2019 WL 6251365, at *2 (explaining that Emrit's complaint was frivolous, malicious, and "part of [Emrit's] ongoing and persistent pattern of abusing the IFP privilege by filing vexatious, harassing, and duplicative lawsuits"). Consequently, Emrit's complaint is due to be dismissed.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. The complaint (Doc. 2) is **DISMISSED** without leave to amend.
2. The Clerk is directed to terminate any pending motions or deadlines and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**